AARON D. FORD
 Attorney General
ROST C. OLSEN, Bar No. 14410
 Deputy Attorney General
State of Nevada
Public Safety Division
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1209
E-mail: rolsen@ag.nv.gov

*Attorneys for Defendants*
*Mark Boyd, William Gittere,*
*and Evelyn Rodriguez*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAQUAN BARNES,<br><br>                              Plaintiff,<br><br>v.<br><br>WILLIAM GETTIERR, et al.,<br><br>                              Defendants | Case No.  3:18-cv-00390-MMD-CLB<br><br>**MOTION FOR EXTENSION OF TIME TO FILE NOTICE AS REQUIRED IN THE MINUTE ORDER (ECF No. 20)** |

Defendants Mark Boyd, William Gittere, and Evelyn Rodriguez, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Peter E. Dunkley, Deputy Attorney General (DAG), hereby submit their Motion for Extension of Time to File Notice as Required in ECF No. 20. This Motion is based on Federal Rule of Civil Procedure 6(b)(1)(B), the following Memorandum of Points and Authorities, and all papers and pleadings on file in this action.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants respectfully request until close of business on Friday, January 10, 2020 to file the Notice called for in ECF No. 20 explaining why the Office of the Attorney General does not accept service on behalf of Defendant Richard C. Adams. At the time of entry and service of the Minute Order (ECF No. 20) on December 19, 2019, undersigned counsel inadvertently neglected to ensure the deadline was properly noted on his calendar. Decl. of Rost C. Olsen, ¶ 5.

This matter subsequently came back to the undersigned's attention on January 6, 2020 when Court staff reached out to him to inquire as to the status of the Notice. *Id.* at ¶ 6.

1    The requested extension of time will afford Defendants adequate time to properly brief the

2    Notice and submit it to the Court.

3    Federal Rule of Civil Procedure 6(b)(1) governs extensions of time and provides as follows:

4    When an act may or must be done within a specified time, the court may,
     for good cause, extend the time: (A) with or without motion or notice if

5    the court acts, or if a request is made, before the original time or its
     extension expires; or (B) on motion made after the time has expired if the

6    party failed to act because of excusable neglect.

7    "[E]xcusable neglect" is an "elastic concept." *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S.

8    380, 392, 113 S.Ct. 1489, 1496, 123 L.Ed.2d 74 (1993). The determination of what is "excusable" is "at

9    bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."

10   *Id.* at 395, 113 S.Ct. at 1498. "Cases should be decided upon their merits whenever reasonably

11   possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

12   In this case, Defendants' failure to timely file and objection or a request for an extension is due

13   to excusable neglect. *See* Decl. of Rost C. Olsen, ¶ ¶ 1-6. The shortage of support staff during the

14   holiday season in which the Minute Order was entered and undersigned's inadvertent oversight led to

15   the failure of placing this particular deadline on his calendar. *Id.* at ¶ ¶ 4-6. This failure, in combination

16   with managing other competing deadlines, resulted in undersigned's inadvertent failure to timely

17   prepare and submit the Notice. *Id.* at ¶ ¶ 4-6. The requested extension will permit undersigned an

18   opportunity to properly brief and file the Notice. Defendants assert that the circumstances are such that

19   excusable neglect is present which would warrant the requested extension of time and will facilitate the

20   policy of a decision on the merits. *See id.* at ¶ ¶ 4-6; *see also Eitel*, 782 F.2d at 1472.

21   / / / / /

22   / / / / /

23   / / / / /

24   / / / / /

25   / / / / /

26   / / / / /

27   / / / / /

28   / / / / /

2

1          For these reasons, Defendants respectfully request an extension of time until close of business

2     on Friday, January 10, 2020, to file the Notice required in ECF No. 20.

3     **I.**          **EXHIBIT A.**  Declaration of Rost C. Olsen

4          DATED this 6th day of January, 2020.

5                                                            AARON D. FORD
                                                             Attorney General
6

7                                              By:          _____/s/ Rost C. Olsen_____
                                                             ROST C. OLSEN, Bar No. 14410
8                                                            Deputy Attorney General

9                                                            *Attorneys for Defendants*

10

11                                             IT IS SO ORDERED.

12

13                                             U.S. MAGISTRATE JUDGE

14

15                                             DATED: 1/7/2020

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 20th day of January, 2020, I caused to be served a copy of the foregoing, **MOTION FOR EXTENSION OF TIME TO FILE OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION.**, by U.S. District Court CM/CFE Electronic Filing to:

Roger Randolph, #1086077
Care of LCC Law Librarian
Lovelock Correctional Center
1200 Prison Road
Lovelock, NV 89419
lcclawlibrary@doc.nv.gov

An employee of the
Office of the Attorney General

4

# EXHIBIT A

## Declaration of Rost C. Olsen

# EXHIBIT A

1

# DECLARATION OF ROST C. OLSEN

2    I, Rost C. Olsen, Esq., declare the following:

3    1.    I am a Deputy Attorney General (DAG) for the Office of the Nevada Attorney General

4    (OAG). I work in the Carson City location.

5    2.    On December 19, 2019, my legal assistant and I received the Court's Minute Order, ECF

6    No. 20, through the Court's e-filing system.

7    3.    Generally, when we receive orders from the Court, my legal assistant places deadlines

8    from those order in my electronic work calendar, and I review orders shortly afterward to confirm any

9    deadlines are on my calendar.

10    4.    During the time the Minute Order came in, our office was short on staff due to the

11    holiday season, and the January 2, 2020 deadline was not placed on my electronic work calendar.

12    5.    Subsequently, I inadvertently forgot to confirm whether the January 2, 2020 deadline for

13    the Notice, as contained in the Minute Order, was placed on my calendar.

14    6.    Due to this inadvertence, I did not relearn of this deadline until January 6, 2020 when

15    Court staff contacted me to inquire of the status of the Notice.

16    Pursuant to 28 U.S.C. § 1746 Declarant certifies, under penalty of perjury, that the foregoing is

17    true and correct.

18    Executed this 6th day of January, 2020 in Carson City, Nevada.

19

20    _____/s/ Rost C. Olsen_____
      Rost C. Olsen

21

22

23

24

25

26

27

28

1