**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAQUAN BARNES,<br><br>                Plaintiff,<br><br>v.<br><br>GETTIERR, et al.,<br><br>                Defendants. | Case No. 3:18-cv-00390-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

This case involves a civil rights action filed by Plaintiff JaQuan Barnes, ("Barnes"), against Defendants Richard Adams ("Adams"), Mark Boyd ("Boyd"), William Gittere ("Gittere" incorrectly named in this action as "Gettierr"), and Evelyn Rodriguez ("Rodriguez"), (collectively referred to as "Defendants"). Currently pending before the court is Defendants' motion for summary judgment. (ECF Nos. 36, 38).[2] Barnes failed to file an opposition. Having thoroughly reviewed the record and papers, the court recommends Defendants' motion for summary judgment (ECF No. 36) be granted.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

Barnes is an inmate currently in the custody of the Nevada Department of Corrections ("NDOC"), housed at the Ely State Prison ("ESP"). (ECF No. 5 at 1). On August 16, 2018, proceeding *pro se*, Barnes submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, which he signed and verified, under penalty of perjury, acknowledging the facts and information contained in the complaint were "true and correct." (*See* ECF Nos. 1 at 1; 5 at 8). Pursuant to 28 U.S.C. § 1915A(a), the court

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2] ECF No. 38 consists of sealed exhibits filed by Defendants' in support of the motion for summary judgment. Defendants also filed an errata to their motion for summary judgment at ECF No. 42, authenticating records.

screened the complaint on June 11, 2019, and issued a screening order. (ECF No. 4.) The court allowed Barnes to proceed on an Eighth Amendment conditions of confinement claim and a First Amendment retaliation claim against all Defendants. (*Id.* at 5-6).

### A.   Barnes's Complaint Allegations

Barnes's complaint, in relevant part, alleges Defendants used administrative regulations as the vehicle to illegally deny him food and mental health services. (ECF No. 5 at 3). Barnes claims that in August and September of 2017, Gittere ordered Adams not to feed Barnes. (*Id.* at 4). Adams then allegedly told Rodriguez not to feed Barnes. (*Id.*) Barnes alleges he was on "tactical pause" and Defendants misinterpreted a prison regulation to administer cruel and unusual punishment by refusing to feed Barnes after he asked to speak with their superiors. (*Id.*) Barnes alleges the failure to feed him was in retaliation for asking to speak with Defendants' supervisors. (*Id.*) Barnes claims Defendants further retaliated against him by failing to provide mental health assistance in June of 2018 after Barnes refused to lock down. (*Id.*) Barnes requests the following relief: (1) $500,000.00 in compensatory damages; (2) $500,000.00 in punitive damages; and (3) $300,000.00 in emotional damages. (*Id.* at 8).

### B.   Defendants' Motion for Summary Judgment

On August 4, 2020, Defendants filed a motion for summary judgment (ECF No. 36). Defendants argue they are entitled to summary judgment because Barnes failed to exhaust his administrative remedy and because Defendants did not violate Barnes's constitutional rights. (*Id.* at 5-13). Although Barnes was advised of his obligations to respond to the motion for summary judgment, Barnes failed to do so. (*See* ECF Nos. 41 & 43). The recommended disposition follows.

## II.   LEGAL STANDARD

Summary judgment should be granted when the record demonstrates that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "[T]he substantive law will identify which facts are material." *Id.* A dispute is "genuine" only where a

2

1 reasonable jury could find for the nonmoving party. *Id.* Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996).

Summary judgment proceeds in burden-shifting steps. A moving party who does not bear the burden of proof at trial "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element" to support its case. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Ultimately, the moving party must demonstrate, on the basis of authenticated evidence, that the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party as to disputed material facts. *Celotex*, 477 U.S. at 323; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014).

Where the moving party meets its burden, the burden shifts to the nonmoving party to "designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted). "This burden is not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence. . . . In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* (citations omitted). The nonmoving party may defeat the summary judgment motion only by setting forth specific facts that illustrate a genuine dispute requiring a factfinder's resolution. *Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324.

For purposes of opposing summary judgment, the contentions offered by a *pro se* litigant in motions and pleadings are admissible to the extent that the contents are based on personal knowledge and set forth facts that would be admissible into evidence and the

3

litigant attested under penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).[3]

## III. DISCUSSION

### A. Civil Rights Claims under 42 U.S.C. § 1983

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and therefore "serves as the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Almy*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under section 1983 require a plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official acting under the color of state law. *Warner*, 451 F.3d at 1067. Further, to prevail on a § 1983 claim, the plaintiff must establish each of the elements required to prove an infringement of the underlying constitutional or statutory right.

### B. Exhaustion Under the PLRA

Defendants argue they are entitled to summary judgment because Barnes failed to exhaust his administrative remedies related to the claims asserted in this lawsuit. (ECF No. 36 at 5-9). Specifically, Defendants assert Barnes's claims against all Defendants must be rejected pursuant to the Prison Litigation Reform Act of 1995 ("PLRA") because Barnes's grievances either did not address the issues he now sues about or because none of the relevant grievances proceeded to the second level. (*Id.* at 8). The PLRA

---

[3] Regarding the complaint allegations of a *pro se* inmate, "because a party's own testimony will nearly always be 'self-serving,' the mere self-serving nature of testimony permits a court to discount that testimony only where it 'states only conclusions and not facts that would be admissible evidence.'" *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (quoting *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497–98 (9th Cir. 2015)). However, "[t]he district court may not disregard a piece of evidence at the summary judgment stage solely based on its self-serving nature." *Nigro*, 784 F.3d at 497 (quoting *S.E.C. v. Phan*, 500 F.3d 895, 909 (9th Cir. 2007)).

4

1  provides that "[n]o action shall be brought with respect to prison conditions under [42
2  U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or
3  other correctional facility until such administrative remedies as are available are
4  exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is mandatory.  *Ross v. Blake*, 136 S.Ct.
5  1850, 1856-57 (2016); *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

6        The PLRA requires "proper exhaustion" of an inmate's claims.  *Woodford v. Ngo*,
7  548 U.S. 81, 90 (2006).  Proper exhaustion means an inmate must "use all steps the
8  prison holds out, enabling the prison to reach the merits of the issue."  *Griffin v. Arpaio*,
9  557 F.3d 1117, 1119 (9th Cir. 2009) (citing *Woodford*, 548 U.S. at 90).  Failure to exhaust
10 is an affirmative defense.  *Jones v. Bock*, 549 U.S. 199, 216 (2007).  "'[I]t is the prison's
11 requirements, and not the PLRA, that define the boundaries of proper exhaustion.'"
12 *Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016) (quoting *Jones,* 549 U.S. at 218).  The
13 defendants bear the burden of proving that an available administrative remedy was
14 unexhausted by the inmate.  *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014).

15       Having reviewed the record, the court agrees that Defendants' evidence shows
16 Barnes failed to exhaust his administrative remedy.  (*See* ECF No. 36-3 at 2-8).  None of
17 Barnes's relevant grievances reached the second-level or obtained a second-level
18 response, as required by NDOC Administrative Regulation ("AR") 740.  *See Reyes*, 810
19 F.3d at 657.  Accordingly, Barnes failed to exhaust his administrative remedy, as required
20 under the PLRA.  *See Jones,* 549 U.S. at 216.  Thus, on this basis alone, Defendants are
21 entitled to summary judgment on all of Barnes's claims.

22     **C.**    **Barnes's Conditions of Confinement Claims**

23       However, even if Barnes had exhausted his administrative remedies, Defendants
24 assert Barnes's claims also fail on the merits. First, Defendants argue they are entitled to
25 summary judgment as to Barnes's conditions of confinement claim because Barnes
26 cannot meet the subjective "deliberate indifference" prong of the Eighth Amendment
27 analysis.  (ECF No. 36 at 10). The court agrees.

28       The "treatment a prisoner receives in prison and the conditions under which he is

confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993).  Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  However, "[p]rison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).  When determining whether an inmate's conditions of confinement meet the objective prong of the Eighth Amendment analysis, the court must analyze each condition separately to determine whether that specific condition violates the Eighth Amendment. *See Wright v. Rushen*, 642 F.2d 1129, 1133 (9th Cir. 1981).  As to the subjective prong of the Eighth Amendment analysis, prisoners must establish prison officials' "deliberate indifference" to the unconstitutional conditions of confinement to establish an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Accordingly, Barnes may prevail only by showing Defendants were deliberately indifferent to the conditions of his confinement. *Id.*

Here, even if the court were to assume the conditions of Barnes's confinement violated the constitution, Barnes is still required to show Defendants were deliberately indifferent to those conditions. *Id.*  Barnes has provided no evidence that would make such a showing.  Moreover, Defendants' evidence shows Barnes was on "tactical pause" for roughly fifteen (15) minutes in June 2017 and not at all in August and September of 2017.  (*See* ECF Nos. 38-2 at 2-20 and 38-3 at 2).  Defendants' evidence further shows Barnes "captured his food slot" at least twice in September 2017.  (ECF No. 38-2 at 11-20).  No reasonable juror could find fifteen minutes of "tactical pause" or the failure to feed an inmate when he has barricaded his own food slot amounts to deliberate indifference on the part of Defendants.  Accordingly, all Defendants are entitled to summary judgment on Barnes's conditions of confinement claim.

### D.     Barnes's Retaliation Claims

In addition, Defendants argue they are entitled to summary judgment because any action taken by Defendants against Barnes was motivated by his repeated misconduct,

not motivated by his protected conduct. (ECF No. 36 at 13-14). "A prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson,* 408 F.3d 559, 567-68 (9th Cir. 2005). The adverse action must be such that it "would chill or silence a person of ordinary firmness from future First Amendment activities." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (quoting *Rhodes*, 408 F.3d at 568).

Defendant's evidence shows Barnes was involved in multiple incidents requiring discipline during the time Defendants were allegedly retaliating against Barnes for his protected conduct. (*See* ECF Nos. 38-2 at 2-20, 38-3 at 2-3, and 36-9 at 2-3). Conversely, Barnes has provided no evidence Defendants subjected him to any adverse action because of his protected conduct. "[M]ere speculation that defendants acted out of retaliation is not sufficient." *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014). Here, the undisputed evidence shows Barnes was being disciplined for misconduct, not retaliated against for his engaging in protected conduct. Accordingly, no reasonable juror could find Defendants' actions were taken in retaliation against Barnes. *See Rhodes*, 408 F.3d at 567-68 (Defendants' "adverse action" must have been "because of" Barnes's protected conduct). Moreover, the record shows Barnes's First Amendment activity was not chilled, as evidenced by his multiple, subsequent grievances, nor has Barnes presented any evidence he was harmed. (*See* ECF No. 36-3 at 2-8); *see also Watison*, 668 F.3d at 1114 (adverse action must in fact chill plaintiff's First Amendment activity or harm plaintiff, and must further be action that would chill a person of ordinary firmness from future First Amendment activity).

Barnes provided no evidence to show Defendants' actions chilled his protected conduct for the purposes of First Amendment retaliation and as a result he has failed to demonstrate a genuine dispute of fact remains regarding his retaliation claims. *See Rhodes*, 408 F.3d at 567-68. Accordingly, the court recommends Defendants' motion for summary judgment (ECF No. 36) be granted in favor of all Defendants on Barnes's First Amendment retaliation claims.

## IV.   CONCLUSION

For good cause appearing and for the reasons stated above, the court recommends Defendants' motion for summary judgment (ECF No. 36) be granted.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendants' motion for summary judgment (ECF No. 36) be **GRANTED**; and

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** accordingly.

**DATED**: September 29, 2020

_____
**UNITED STATES MAGISTRATE JUDGE**